IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBYN MEREDITH, INC.                :        CIVIL ACTION
        Plaintiff             :
                              :
     v.                       :
                              :
LASTER, SAMANS & LEVIN, INC., d/b/a  :
L.S.&L. INSURANCE GROUP             :
        Defendant             :        NO. 02-CV-3780

## ANSWER TO PLAINTIFF'S COMPLAINT

AND NOW, comes Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group, by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and hereby responds to Plaintiff's Complaint as follows:

1.     Admitted on information and belief.

2.     Admitted in part, denied in part.  It is admitted that LS&L is a Pennsylvania corporation with its principal place of business located at 437 Chestnut Street, Philadelphia, PA, 19106.  It is further admitted that LS&L acts as an insurance agent and/or broker on the part of certain of its clients at certain times.  It is denied that LS&L "provides policies of liability insurance for its customers."

3.     Admitted in part, denied in part.  It is admitted that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 and that the parties are citizens of different states.  It is specifically denied that the damages in dispute exceed $75,000.

4.     Admitted.

5.     It is admitted only that Answering Defendant agreed to, and did, assist Plaintiff in procuring certain property insurance coverage in May of 1997.

6.      It is admitted only that in or about May of 1997 Answering Defendant assisted Plaintiff in Plaintiff's purchase of certain property loss insurance coverage from Gerling America Insurance Company.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Denied as stated.  When it became apparent that Gerling was not going to renew the insurance coverage for Plaintiff, Answering Defendant retained the services of Timothy O'Neill an intermediary with Kamsen Insurance Agency, Inc. in Flushing, New York to assist it in obtaining this specialty coverage required by Plaintiff.  It is further admitted that Mr. O'Neill advised Answering Defendant that he had obtained replacement coverage for Plaintiff with Fireman's Fund Insurance Group.

11.     Denied.  See answer to paragraph 10 of Plaintiff's Complaint.

12.     Admitted in part, denied in part.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations of paragraph 12 of Plaintiff's Complaint concerning what Plaintiff "came to learn".  It is admitted that Answering Defendant obtained certain property loss insurance coverage on Plaintiff's behalf with Caliber One Insurance Company.

13.     Admitted.

14.     Denied.

15.     Admitted.  The allegations of paragraph 15 of Plaintiff's Complaint are admitted as Answering Defendant understood from Timothy O'Neill, the intermediary retained to obtain replacement coverage for Plaintiff that said coverage was placed with Fireman's Fund.

16.     Admitted on information and belief.

17.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 17 of Plaintiff's Complaint.  Strict proof thereof is demanded.

18.     Admitted in part; denied in part.  It is admitted only that in August, 2001 the Plaintiff notified Answering Defendant of a purported loss via stolen merchandise, under its property policy, and that the letter referenced in paragraph 18 was received by Answering Defendant.  The remaining allegations are denied.  Strict proof thereof is demanded.

19.     Admitted.

20.     Denied.  It is denied that Plaintiff was left without coverage from July 15, 2001 through August 9, 2001 and that Plaintiff was left without insurance coverage for property losses under its insurance policy with Gerling America Insurance Company.  In fact, Gerling America has established a claim file and has made an offer to settle Plaintiff's purported $100,000 claim that is the subject of this lawsuit for $45,000.  Accordingly, Gerling has acknowledged insurance coverage for Plaintiff's claim.  It is admitted that neither Fireman's Fund nor Caliber One have acknowledged Plaintiff's claim.

## COUNT I – NEGLIGENCE

21.     Answering Defendant hereby incorporates by reference its responses to paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22.     Denied as stated.  As an insurance broker acting on behalf of Plaintiff, Answering Defendant placed certain insurance coverage for Plaintiff with Gerling America Insurance Company in 1997.  When Gerling America decided not to renew this insurance coverage in the summer of 2001, Answering Defendant sought to obtain replacement coverage for Plaintiff and sought the assistance of an intermediary, Timothy O'Neill, to obtain said coverage.

23.    Denied.  The allegations of paragraph 23 of Plaintiff's Complaint are legal conclusions to which no response is required.  By way of further answer, however, to the extent a gap in coverage existed, said gap was the fault of a party or parties other than Answering Defendant.  Finally, Gerling America has accepted the claim which is the basis of Plaintiff's Complaint and has made an offer to settle the claim with Plaintiff.  To the extent that there is a dispute between Plaintiff and Gerling over the value of the claim, the dispute is between those two parties as Answering Defendant has met its duty and burden to provide insurance coverage for the shipment of goods in question.

24.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 24 that certain merchandise was stolen on July 25, 2001.  The remaining allegations of paragraph 24 are legal conclusions to which no response is required.

25.    Denied.  See response to paragraph 23.

26.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 26 of Plaintiff's Complaint.  Strict proof thereof is demanded.

WHEREFORE, Defendant, Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and that Defendant be granted its reasonable legal costs and attorney's fees.

## COUNT II – BREACH OF CONTRACT

27.    Answering Defendant hereby incorporates by reference its responses to paragraphs 1 through 26 of Plaintiff's Complaint as if fully set forth herein.

28.    Admitted in part, denied in part.  It is admitted only that in May of 1997 Answering Defendant agreed to assist Plaintiff in its effort to obtain certain insurance coverage.

29.     Denied as stated.  It is denied that in exchange for payment of insurance premiums and a brokerage fee that Answering Defendant was to obtain property loss insurance for the benefit of Plaintiff.  To the contrary, there were no payments made of insurance premiums and/or brokerage fees to Answering Defendant until after the insurance coverage with Gerling was placed.

30.     Admitted in part, denied in part.  It is admitted only that Answering Defendant was to seek to obtain property loss insurance on behalf of Plaintiff, which Answering Defendant did.  There were no discussions concerning gaps in insurance coverage – particularly gaps in insurance coverage some four years thereafter.

31.     Denied.  See answer to paragraph 23.

32.     Denied.  See answer to paragraph 23.

33.     Denied.  See answer to paragraph 23.

34.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 34 of Plaintiff's Complaint.  Strict proof thereof is demanded.

35.     Denied.  It is denied that Answering Defendant failed to perform under the terms of any agreement with Plaintiff and it is similarly denied that Plaintiff suffered significant losses and damages. Additionally, Gerling America has acknowledged this claim and set up a claim file to address it.  Gerling has made an offer to settle the claim with Plaintiff, thereby acknowledging coverage.  To the extent that Plaintiff suffered any losses or damages, any dispute concerning same is between Plaintiff and Gerling and not Answering Defendant who simply placed the insurance coverage requested.

WHEREFORE, Defendant, Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and that Defendant be granted its reasonable legal costs and attorney's fees.

## COUNT III - NEGLIGENT MISREPRESENTATION

36.    Answering Defendant hereby incorporates by reference its responses to paragraphs 1 through 35 of Plaintiff's Complaint as if fully set forth herein.

37.    Denied.  Paragraph 37 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

38.    Denied as stated.  Answering Defendant represented to Plaintiff that it placed certain insurance coverage covering certain periods of time.  The loss that is the basis for Plaintiff's Complaint has been accepted by Gerling America Insurance Company.  To the extent a given claim is or is not covered is a matter between the insurer and the insured.

39.    Denied in its entirety.

40.    Denied in its entirety.

41.    Denied.  Paragraph 41 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

42.    Denied.  Paragraph 42 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.  By way of further answer, there were no false representations made at any time by Answering Defendant.

43.    Denied.  Paragraph 43 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

44.    Denied.  Paragraph 44 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

45.    Denied.  Answering Defendant is without knowledge or information concerning whether Plaintiff has incurred attorney's fees, but said fees are not recoverable under Pennsylvania in any event.

WHEREFORE, Defendant, Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and that Defendant be granted its reasonable legal costs and attorney's fees.

## COUNT IV – BREACH OF WARRANTY

46.     Answering Defendant hereby incorporates by reference its responses to paragraphs 1 through 46 of Plaintiff's Complaint as if fully set forth herein.

47.     Denied.  Paragraph 47 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

48.     Denied.  See response to paragraph 23.

49.     Denied.  Paragraph 49 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.  By way of further answer, Answering Defendant made no true misrepresentations or omissions.

50.     Denied.  Paragraph 50 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

51.     Denied.  Paragraph 51 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

WHEREFORE, Defendant, Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and that Defendant be granted its reasonable legal costs and attorney's fees.

## COUNT V – UNJUST ENRICHMENT

52.     Answering Defendant hereby incorporates by reference its responses to paragraphs 1 through 51 of Plaintiff's Complaint as if fully set forth herein.

53.    Admitted with modification.  It is admitted only that Plaintiff paid Answering Defendant the charged insurance premium in the amount relayed from Timothy O'Neill of the Kamsden Agency to LS&L, which amount was relayed to Plaintiff.  Answering Defendant understood that the premium money which was forwarded to Timothy O'Neill was to serve as the premium payment on an insurance policy with Fireman's Fund.

54.    Admitted in part; denied in part.  It is admitted that Answering Defendant did not remit the insurance premium payments received from Plaintiff to Fireman's Fund, rather, it forwarded those payments to its intermediary, Timothy O'Neill at the Kamsden Agency who was arranging the insurance coverage in question.  It is denied that Answering Defendant "failed" to remit the insurance premium as the premiums were forwarded to its intermediary.

55.    Denied as stated.  Plaintiff sought and obtained insurance coverage via the payment of the premiums referenced in paragraph 55 of Plaintiff's Complaint.

56.    Denied.  Paragraph 56 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

57.    Denied.  Paragraph 57 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.  Strict proof thereof is demanded.

58.    Denied.  Answering Defendant utilized an intermediary which dealt directly with the insurer with whom certain insurance coverages were placed on Plaintiff's behalf at the time in question.  Those arrangements were made by Timothy O'Neill of the Kamsden Agency and it is O'Neill/Kamsden who was obligated to obtain any return of premium to which Plaintiff may be entitled.

WHEREFORE, Defendant, Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group, respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, and that Defendant be granted its reasonable legal costs and attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to bring suit against indispensable parties who are liable for the damages Plaintiff alleges to have suffered (if any).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in Plaintiff's Complaint are barred by the applicable Statute or Statutes of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages, the same being fully denied, said damages are the result of the action or inaction of third parties over whom Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group had no control and for whose conduct it is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages as alleged, the same being fully denied, said damages were not proximately caused by Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group.

### SIXTH AFFIRMATIVE DEFENSE

Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group placed the property loss insurance coverage in question with Gerling America Insurance Company and, as such, met its burden of placing property loss insurance coverage on Plaintiff's behalf.

## SEVENTH AFFIRMATIVE DEFENSE

The true dispute in this instance is between Plaintiff and Plaintiff's insurer, Gerling America Insurance Company, which has made an offer to Plaintiff to settle this claim; Gerling's opening of a claim file and making offer to settle the claim is an acknowledgment of insurance coverage and confirms that Laster, Samans & Levin, Inc., d/b/a LS&L Insurance Group has met its obligation to provide coverage for the claim in question.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to a return of premium, Plaintiff must arrange to obtain the return of premium through Timothy O'Neill of the Kamsden Agency, who arranged the property loss insurance coverage in question for Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Laster, Samans & Levin met all applicable standards of care expected of an insurance agent in placing the insurance coverage in question on Plaintiff's behalf.  To the extent that there was any negligence in the handling of the transaction whereby insurance coverage was placed on behalf of Plaintiff, said negligence was on the part of Timothy O'Neill and the Kamsden Agency and not Laster, Samans & Levin.

MARSHALL, DENNEHEY, WARNER, COLEMAN
& GOGGIN


BY:_____
        BUTLER BUCHANAN, III, ESQUIRE
        1845 Walnut Street
        Philadelphia, PA   19103
        (215) 575-2661
        Attorney for Defendant Laster, Samans & Levin, Inc.

Dated:   December 3, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBYN MEREDITH, INC. | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LASTER, SAMANS & LEVIN, INC., d/b/a | : | |
| L.S.&L. INSURANCE GROUP | : | |
| Defendant | : | NO. 02-CV-3780 |

## CERTIFICATE OF SERVICE

I, Butler Buchanan, III, Esquire, do hereby certify that a true and correct copy of the Answer to Plaintiff's

Complaint was served by first class mail on December 3, 2002, to the following addressee:

> Robert S. Tintner, Esquire
> Fox Rothschild O'Brien & Frankel, LLP
> 2000 Market Street
> Tenth Floor
> Philadelphia, PA   19103

_____
BUTLER BUCHANAN, III, ESQUIRE

\01_17\LIAB\BYB\LLPG\487300\BYC\19180\01613